## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SHARON ELIZABETH ROGERS**<br>    Plaintiff<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS INC.**<br>    and<br>**EQUIFAX INFORMATION SERVICES, LLC**<br>    and<br>**TIMEPAYMENT CORPORATION**<br><br>    Defendant(s). | **C.A. No.:**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Sharon Elizabeth Rogers, by and through the undersigned counsel, hereby alleges as follows in support of this Complaint against the above-captioned Defendant(s):

### THE PARTIES

1. Plaintiff Sharon Elizabeth rogers is an adult individual residing in Wilmington, DE.

2. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the District of Delaware and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ.

3. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the District of Delaware, and which has a principal place of business located at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ.

4. Defendant TimePayment Corporation ("TimePayment") is a business entity that regularly conducts business in the District of Delaware and which has a principal place of business located at 200 Summit Drive, Suite 100, Burlington MA.

## JURISDICTION AND VENUE

**I.     Subject Matter Jurisdiction.**

5.     Subject matter jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**II.    Personal Jurisdiction.**

6.     The Court may exercise personal jurisdiction over the Defendants for the following reasons:

7.     Plaintiff is a resident of the District of Delaware.

8.     Each defendant is a Delaware entity that regularly conducts business in the District of Delaware.

**III.   Venue.**

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10.    Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least November 2021 through the present in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (the "FCRA"). The inaccurate information pertains to a debt collection account with TimePayment Corporation.

11.    Specifically, Defendants are falsely reporting that Plaintiff failed to pay a balance on a TimePayment account and are falsely reporting the TimePayment account as being delinquent.

12.    The inaccurate information negatively reflects upon on Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

13.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendants Experian and Equifax have repeatedly published and disseminated consumer reports to third parties from at least November 2021 through the present.

14.     Plaintiff has disputed the inaccurate information with Experian and Equifax by following their established procedures for disputing consumer credit information.

15.     Plaintiff has disputed the inaccurate information with Experian and Equifax from at least November 2021 through present.

16.     Notwithstanding Plaintiff's efforts, Experian and Equifax have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information, and Experian and Equifax continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian and Equifax have repeatedly published and disseminated consumer reports to such third parties from at least November 2021 through the present.

17.     Despite Plaintiff's efforts, Experian and Equifax have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications or other relevant documents from the entities furnishing the inaccurate information.

18.     Notwithstanding Plaintiff's disputes, TimePayment, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigation of Plaintiff's disputes

after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has failed to mark the account as disputed, and has willfully continued to report such inaccurate information to various credit reporting agencies.

19. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

21. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless and in grossly negligent disregard for federal laws and the rights of Plaintiff herein.

## COUNT 1

### VIOLATIONS OF THE FCRA
### (Against Experian and Equifax)

23. Plaintiff repeats and realleges the allegations of all prior paragraphs of this Complaint as if fully set forth herein.

24. At all times pertinent hereto, Experian and Equifax were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

25. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

28. The conduct of Experian and Equifax was a direct and proximate cause of, as well as a substantial factor in, bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian and Equifax are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT 2

### VIOLATIONS OF THE FCRA
### (Against TimePayment)

29. Plaintiff repeats and realleges the allegations of all prior paragraphs of this Complaint as if fully set forth herein.

30. At all times pertinent hereto, TimePayment was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

31. At all times pertinent hereto, TimePayment was a "furnisher" of credit information as defined by the FCRA.

32. TimePayment violated §§ 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

33. TimePayment's conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as other relief, permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. Awarding statutory damages in the amount of between one hundred (100) and one thousand (1,000) dollars to be further calculated during trial;

B. Awarding actual damages in the nature of which was asserted above and to be further calculated during trial;

C. Awarding punitive damages in the nature of which was asserted above and to be further calculated during trial;

D. Awarding payment of Plaintiff's attorneys' fees and costs; and,

E. Awarding such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 21, 2022  **KASHISHIAN LAW LLC,**

  */s/ Ann M. Kashishian*
 Ann M. Kashishian (DE Bar No. 5622)
 501 Silverside Road, Suite 85
 Wilmington, DE 19809
 T. (484) 302-8417
 F. (484) 930-0091
 E. amk@kashishianlaw.com

  -and-

                Siobhán E. McGreal, Esquire*
                **FRANCIS MAILMAN SOUMILAS, PC**
                1600 Market Street, Suite 2510
                Philadelphia, PA 19103
                Telephone: (215) 735-8600
                smcgreal@consumerlawfirm.com
                *(application pro hac vice forthcoming)*

                *Counsel to Plaintiff*