IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON ELIZABETH ROGERS<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.<br><br>Defendants. | Civil Action No. 22-1520-CFC |

## MEMORANDUM ORDER

Sharon Elizabeth Rogers has sued Experian Information Solutions, Inc. (Experian) for violations of the Fair Credit Reporting Act. Pending before me is Experian's Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration. D.I. 49.

Rogers filed the Complaint on November 21, 2022.[1] D.I. 1. Under the Scheduling Order, fact discovery was to be completed by February 28, 2024. D.I. 24 at 2. On January 12, 2024, Rogers served four Notices of Deposition directed to Experian, to be taken between January 29, 2024, and February 1, 2024.

---

[1] Rogers filed suit against two other defendants in this matter: Equifax Information Services LLC and TimePayment Corporation. D.I. ¶¶ 3–44. But Experian is the only defendant seeking a stay of discovery.

D.I. 41; D.I. 55 ¶21-22. After Experian's counsel indicated that Experian did not have deposition witnesses to put up for the noticed deposition dates, D.I. 55 ¶ 21–22, the parties filed, and I signed on January 29, 2024, a Stipulation to Extend Time Regarding Certain Pretrial Deadlines. D.I. 56; D.I. 55 ¶ 24. On January 30, 2024, I extended the discovery deadline through April 26, 2024. D.I. 44. Three days later, on February 2, 2024, Experian filed its Motion to Compel Arbitration. D.I. 46.

The decision whether to grant a stay is discretionary. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021). "Courts generally consider three factors to determine whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Duncan v. XTO Energy Inc.*, 2022 WL 4289779, at *1 (D. Del. Sept. 16, 2022) (internal citations omitted). Here, these factors weigh against the issuance of a stay.

The first factor is neutral here. In considering the prospects for simplification, courts assess all possible outcomes, not just the potential outcome most favorable to the party seeking the stay. *See Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015); *SenoRx v. Hologic,*

*Inc.*, 2013 WL 144255, at *3 (D. Del. Jan. 11, 2013). When considering possible outcomes, courts generally do not attempt to evaluate the legal merits of the underlying motion, but instead take known factors—such as the scope of the motion as it relates to the claims and issues in the case—to assess how those factors weigh for or against simplification. *See Ever Win Int'l Corp. v. Radioshack Corp.*, 902 F. Supp. 2d 503, 506 (D. Del. 2012) (declining to comment on "the merit of Defendant's reexamination challenge"); *St. Clair Intell. Prop. Consultants, Inc. v. Motorola Mobility LLC*, 2012 WL 4321743, at *1–2 (D. Del. Sept. 20, 2012) (granting a motion to stay pending resolution of dispositive motions in related cases, without considering the merits of the dispositive motions). If I were to grant the Motion to Compel Arbitration, this matter would obviously be greatly simplified, as it would proceed to arbitration and no longer be before me. But if I were to deny the motion, a stay would not simplify anything.

The second factor disfavors a stay. Although no trial date has been set, the parties have been engaged in ongoing written discovery, and fact discovery is to be completed by April 26, 2024. *See Found. Med., Inc. v. Guardant Health, Inc.*, 2018 WL 950261, at *2 (D. Del. Feb. 15, 2018) (finding that the "status of the litigation" factor disfavored a stay where a substantial amount of fact discovery had been completed).

3

The third factor also disfavors a stay, as a stay would both unduly prejudice and present a clear tactical disadvantage to Rogers. I extended the discovery deadlines based on the parties' representation that certain noticed depositions could not be taken before the discovery cutoff. D.I. 42 at 2. Having now learned that it was Experian that could not produce deposition witnesses for the dates noticed, I find that a stay would, in effect, allow Experian to indefinitely postpone depositions that would have already been taken but for Experian's inability to produce witnesses. Rogers on the other hand has already given information to Experian through the discovery process.

Since two of the three factors disfavor the issuance of a stay, I will deny Experian's motion.

NOW THEREFORE, at Wilmington this First day of March in 2024, **IT IS HEREBY ORDERED** that Defendant's Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration (D.I. 49) is **DENIED**.

                                          CHIEF JUDGE